**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**E. VALERIE SMITH,**

    **Plaintiff,**

vs.                                                                 Case No. 2:14-cv-50-FtM-29DNF

**FLORIDA GULF COAST UNIVERSITY**
**BOARD OF TRUSTEES,**

    **Defendant.**
_____/

## DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY

Defendant, FLORIDA GULF COAST UNIVERSITY BOARD OF TRUSTEES, pursuant to Local Rule 3.01(d), respectfully requests leave to file a reply of no more than three (3) pages to Plaintiff's Response in Opposition to Defendant's Motion for Additional Time to Conduct Plaintiff's Deposition (Dkt. No. 47; Response). Defendant seeks permission to file a brief reply to correct Plaintiff's representation that she has intentionally limited her claims in this action to the time period of 2005 to 2009 and that Defendant's counsel failed to efficiently apportion her time during Plaintiff's deposition by focusing on events and issues beyond the 2005 to 2009 time frame. These representations are inaccurate. Indeed, in two depositions taken by Plaintiff in this action, she inquired regarding events that occurred outside of the 2005 to 2009 period. Thus, the inquiry conducted by Defendant regarding these events was necessary, brief, and efficiently conducted. The grounds for this motion are more fully set forth in the following memorandum of law.

**MEMORANDUM OF LAW**

On June 5, 2015, pursuant to the Court's instructions (Dkt. No. 40), Defendant refiled its Motion for Additional Time to Conduct Plaintiff's Deposition (Dkt. No. 41; Motion for Additional Time), requesting an additional six hours to conduct Plaintiff's deposition. On June 18, 2015, Plaintiff filed her Response, arguing that the Court should deny Defendant's request because, inter alia, Plaintiff intentionally limited the temporal scope of her claims to the time period of January 1, 2005, to September 2009 and Defendant unilaterally decided to spend time questioning Plaintiff about events outside of that time period. (See Response at 10). As these assertions are incorrect, Defendant requests a brief reply to address them.

In particular, contrary to Plaintiff's assertion that she limited the temporal period of her claims to 2005 to 2009, during depositions she conducted, Plaintiff's counsel questioned at least two deponents on events, including Plaintiff's performance, before 2005. Additionally, in response to discovery propounded by Defendant seeking to discover the adverse employment actions at issue, Plaintiff has relied on events that took place prior to 2005. Moreover, Plaintiff has served written discovery requests seeking documents regarding her entire 14-year employment with Defendant. Defendant seeks to address the foregoing more thoroughly in a brief reply to Plaintiff's Response.

Furthermore, Plaintiff's suggestion that Defendant's counsel devoted a substantial amount of time during Plaintiff's deposition on events beyond the 2005 to 2009 time period is incorrect. Defendant seeks a brief reply to demonstrate that Defendant's counsel efficiently moved through these areas in an attempt to complete this deposition.

Therefore, Defendant asserts that it has demonstrated good cause for this brief reply, and it respectfully suggests that this brief reply will assist the Court in ruling on Defendant's Motion for Additional Time.

WHEREFORE, Defendant requests that the Court grant its Motion and allow it leave to file a brief reply, which shall not exceed three (3) pages in length.

### CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that counsel for the Defendant has conferred with counsel for Plaintiff who represents that Plaintiff opposes the relief requested in this Motion.

Dated this 23rd day of June, 2015.

>Respectfully submitted,
>
>*/s/ Sacha Dyson*
>SACHA DYSON
>Florida Bar No. 509191
>sdyson@tsghlaw.com
>JEFFERY L. PATENAUDE
>Florida Bar No. 0070215
>jpatenaude@tsghlaw.com
>Thompson, Sizemore, Gonzalez,
>  & Hearing, P.A.
>One Tampa City Center
>201 North Franklin Street, Suite 1600
>Tampa, Florida 33602
>Telephone: (813) 273-0050
>Facsimile: (813) 273-0072
>Attorneys for Defendant
> Florida Gulf Coast University

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing this 23rd day of June, 2015, to the following:

    Cynthia N. Sass and Yvette D. Everhart,
    Law Offices of Cynthia N. Sass, P.A.
    601 West Dr. Martin Luther King, Jr. Blvd
    Tampa, Florida 33603

    and

    Peter F. Helwig, Esquire
    Harris & Helwig, P.A.
    6700 South Florida Avenue, Suite 31
    Lakeland, Florida 33813

                                        */s/ Sacha Dyson*
                                        Attorney