**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

E. VALERIE SMITH,

      Plaintiff,

vs.                                     Case No. 2:14-cv-50-FtM-29MRM

FLORIDA GULF COAST UNIVERSITY
BOARD OF TRUSTEES,

      Defendant.
_____/

**DEFENDANT'S OMNIBUS MOTION IN LIMINE**

Defendant, FLORIDA GULF COAST UNIVERSITY BOARD OF TRUSTEES ("Defendant" or "FGCU"), through its undersigned attorneys and pursuant to the Federal Rules of Evidence, hereby moves for an order in limine prohibiting Plaintiff from testifying; adducing evidence of; presenting any evidence, testimony, or argument; or otherwise referring in the jury's presence (including in voir dire or in Plaintiff's opening statement) to the following:

*Evidence Outside the Scope of the Limited Claims Allowed to Proceed to Trial*

1. Evidence concerning Plaintiff's performance prior to the 2007-2008 academic year

2. The claims dismissed by the Court's Order on Defendant's Motion to Dismiss (Dkt. No. 21)

*Evidence That Violates the Federal Rules of Civil Procedure*

3. Plaintiff's identification of witnesses and damages not disclosed in her initial disclosures

4. Plaintiff's vague categories of witnesses

*Evidence Otherwise Not Admissible Under the Rules*

5. Inadmissible evidence regarding Plaintiff's statements to the Equal Employment Opportunity Commission ("EEOC")

6. Testimony from Plaintiff's witnesses not possessing relevant knowledge as to the claims at issue, including current and former FGCU faculty members and administrators as well as improper comparators

7. Other FGCU faculty members' syllabi

8. Testimony by Plaintiff's children

Defendant conferred with Plaintiff regarding these issues. Plaintiff's counsel confirmed that Plaintiff opposes this Motion. As a result, the parties were unable to reach an agreement on any of the foregoing matters, which has necessitated the filing of this Motion.

To facilitate the Court's review, Defendant has arranged these topic areas into three categories, which it addresses, in turn, below, and it submits the following memorandum of law.

## MEMORANDUM OF LAW

**I.     BACKGROUND**

On January 28, 2014, Plaintiff filed a nine-count complaint against FGCU asserting various violations of law. (See Complaint and Demand for Jury Trial (Dkt. No. 1)). Thereafter, Plaintiff filed an Amended Complaint asserting claims for race, gender, and national origin discrimination as well as retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended (See Amended Complaint and Demand for Jury Trial (Dkt. No. 8)). In response, Defendant filed its Motion to Dismiss Complaint (Dkt. No. 14), which the Court granted, in part, and denied, in part, in its Order (Dkt. No. 21). In the Court's Order on Defendant's Motion to Dismiss, the Court ruled, inter alia, that

Plaintiff's claims of discrimination beyond the nonrenewal of her employment contract were time barred. (Id. at 8-9, 12-13). As a result, Plaintiff's surviving claims are: (1) discrimination based on gender in violation of VII; (2) discrimination based on race in violation of Title VII; (3) discrimination based on national origin in violation of Title VII; and (4) retaliation for complaining of discrimination in violation of Title VII. Id. Plaintiff's claims further limited to the nonrenewal decision. No other actions can be the basis for liability in this case. (Id.).

Subsequently, the parties engaged in discovery. On May 19, 2014, Plaintiff served her initial disclosures pursuant to Rule 26(a)(1). (See Exhibit A). Plaintiff supplemented her Rule 26(a)(1) disclosures on February 13, 2015. (See Exhibit B). Defendant served its First Request for Production and First Set of Interrogatories on May 29, 2014. On August 29, 2014, Plaintiff responded to these discovery requests. (See Exhibits C and D). Thereafter, on December 29, 2014, Plaintiff served amended responses and objections to Defendant's First Set of Interrogatories. (See Exhibit E). Following the Court's Order (Dkt. No. 52) on Defendant's Motion to Compel Discovery Responses (Dkt. No. 43), wherein the Court ruled that Plaintiff had improperly withheld documents and information responsive to Defendant's written discovery requests, Plaintiff served amended responses and objections to Defendant's First Request for Production and an amended response to Interrogatory No. 9 of Defendant's First Set of Interrogatories. (See Exhibits F and G).

## II.     LEGAL ARGUMENT

### A.  Plaintiff Cannot Introduce Evidence Outside the Scope of the Limited Claims Remaining Before the Court.

Even though the Court substantially limited the claims at issue in this case in its ruling on Defendant's Motion to Dismiss, it is evident that Plaintiff intends to rely on evidence outside the scope of her remaining claims, which is irrelevant and will only serve to confuse and mislead the jury, unduly and unfairly prejudice Defendant, waste the Court's time and resources, and unnecessarily lengthen this trial.

Rule 402 of the Federal Rules of Evidence provides that evidence must be relevant to be admissible at trial.  To this end, "relevant evidence" is that evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401. Additionally, Rule 403 of the Federal Rules of Evidence provides that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time."

By limiting the claims in this case to Plaintiff's nonrenewal of her employment contract and resulting termination, the Court likewise has limited the facts that are of consequence.  Nonetheless, Plaintiff has not similarly limited the evidence she intends to offer in this case.

**1. Evidence Concerning Plaintiff's Performance Prior to the 2007-2008 Academic Year**

First, Plaintiff intends to offer evidence regarding her performance prior to the 2007-2008 academic year, including performance development plans she prepared, annual evaluations she received, and correspondence she sent and received regarding her performance. This evidence is not admissible, as it is not relevant to any remaining claim. See Lyons v. England, 307 F.3d 1092, 1111 (9th Cir. 2002) (finding that, after Morgan, the admissibility of evidence of discrete, time-barred acts of discrimination is controlled primarily by the Federal Rules of Evidence); Hollingshead v. Windley, Civil Action No. 07-0599-WS-C, 2008 WL 4809221, at *8 n.21 (S.D. Ala. 2008) (noting that admissibility of past, time-barred acts is an evidentiary issue properly addressed via motion in limine filed at an appropriate time).

Evidence of Plaintiff's performance prior to the 2007-2008 academic year is not relevant because it does not tend to prove or disprove any fact relevant to the issues before the Court. In particular, the incidents giving rise to Plaintiff's placement on a performance improvement plan in place during the 2008-2009 academic year began during the 2007-2008 academic year. Evidence concerning Plaintiff's performance and evaluations prior to the 2007-2008 academic year would involve issues which the Court has ruled cannot form the basis of Plaintiff's claims. This evidence also is not appropriate "background" evidence under the Supreme Court's decision in Morgan, which held that Title VII does not bar the admission of evidence related to time-barred claims if the evidence is otherwise relevant and admissible. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). This

decision did not recognize the introduction of evidence related to claims that a plaintiff cannot advance as a matter of law.

Yet, even if evidence concerning Plaintiff's performance prior to academic year 2007-2008 had some probative value, the probative value of such evidence is outweighed by the danger of confusion of the issues, or misleading of the jury, and by the inevitable undue delay and waste of time that would result through the multiplication of the proceedings. Introduction of this evidence will inevitably confuse the jury and focus its attention away from the discrete claims at issue. Furthermore, the danger of the resulting confusion from the presentation of such evidence is that the jury will decide to punish Defendant for conduct that has no bearing on the nonrenewal of Plaintiff's employment contract. This is precisely the danger Rule 403 seeks to avoid. Therefore, the Court should exclude evidence concerning Plaintiff's performance prior to academic year 2007-2008.

### 2. The Claims Dismissed by the Court's Order on Defendant's Motion to Dismiss

Plaintiff also should be precluded from introducing evidence to support her theory of discrimination based on any action taken by Defendant beyond Defendant's decision to not renew Plaintiff's employment contract. Per the Court's previous ruling on Defendant's Motion to Dismiss, the only adverse action which Plaintiff may use to support her discrimination claim is the nonrenewal of her Continuing Multi-Year Appointment. (Dkt. No. 21 at 8-9). If Plaintiff is permitted to introduce evidence supporting a theory that she was discriminated against based on any other action taken by Defendant (including Plaintiff's receipt of a negative performance evaluation, Plaintiff's denial of a salary increase, and/or Plaintiff's placement on a performance improvement plan), Defendant would be required to

6

prepare, and to present, a full and complete defense, not only of the remaining actionable claims, but also of the dismissed claims, even if only to rebut any inferences the Plaintiff would argue that the jury may reach in considering the entirety of the evidence.  Defendant has already successfully defended against these allegations.  To require it to do so again would result in unfair prejudice that substantially outweighs any probative value existing in the evidence at issue.  It also would be misleading, confuse the jury, and unnecessarily extend the length of this trial.  Thus, this evidence is not admissible under Rule 403.

Several courts also have recognized that evidence relating to resolved or dismissed claims in employment-related cases is irrelevant.  See e.g., Littleton v. Pilot Travel Centers, LLC, 568 F.3d 641, 648 (8th Cir. 2009) (granting motion in limine to exclude testimony of witnesses who could only provide testimony relevant to retaliation claims previously dismissed by the court); Greenfield v. Sears, Roebuck and Co., No. 04-71086, 2006 WL 2927546, at *5 (E.D. Mich. 2006) (finding that failure to promote claims, which had been abandoned prior to summary judgment, were separate incidents no longer before the court and therefore properly excluded as irrelevant to the sole remaining failure to promote claim at issue for trial); Washington v. Orleans Parish School Bd., No. Civ.A. 01-1863, 2002 WL 1066748 (E.D. La. 2002)(precluding plaintiff from introducing any evidence relating to a previously dismissed claim as it is irrelevant to the remaining discrimination and retaliation claims).

Accordingly, Plaintiff should be precluded from relying on any adverse action other than the nonrenewal of her employment contract as a basis to support her claims during trial.

### B. Plaintiff Cannot Introduce Evidence She Failed to Disclose in Discovery or That Otherwise Violates the Federal Rules of Civil Procedure.

Plaintiff has made clear through her witness list, exhibit list, and draft pretrial statement that she will attempt to introduce materials, which she has not disclosed in compliance with her obligations under Federal Rule of Civil Procedure 26(a) and (e). As outlined in further detail below, Plaintiff should not be allowed to use such documents or call such witnesses at trial in accordance with Federal Rule of Civil Procedure 37(c)(1). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); see also Faulk v. Volunteers of Am., 444 F. App'x 316, 317-18 (11th Cir. 2011) (citing Cooper v. S. Co., 390 F.3d 695, 728 (11th Cir. 2004)). As discussed below, Plaintiff failed to comply with her disclosure obligations, which has prejudiced Defendant, and she has no appropriate justification for doing so.

#### 1. Witnesses and Damages Plaintiff Failed to Disclose in Discovery

Despite her obligation to list "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses," Plaintiff intends to call a witness, Dr. Jan-Martijn Meij, which has never appeared on her disclosures required under Federal Rule of Civil Procedure 26(a)(1)(A) or in her responses to Defendant's interrogatories. (See Exhibits A, B & E). Plaintiff never disclosed that Dr. Meij would be a witness in this case or someone whom Plaintiff may use to support her claims, including in her initial disclosures, her supplement to the initial disclosures, and/or her

8

responses to Defendant's interrogatories. (See Exhibit A, B & E). Plaintiff has offered no justification for failing to disclose Dr. Meij. Furthermore, allowing Plaintiff to call Dr. Meij without any meaningful opportunity to conduct discovery would cause Defendant severe prejudice.[1] Accordingly, Plaintiff should be precluded from calling Dr. Meij at trial.

Plaintiff also failed to disclose the damages now included in the pretrial statement. In particular, Plaintiff's Rule 26 disclosures fail to include the calculation of damages, and Plaintiff has provided this information, for the first time, in the pretrial statement. There is no excuse for Plaintiff's failure to comply with her obligations under Rule 26, and Defendant has been prejudiced by Plaintiff's decision to wait until the eve of trial and after the close of discovery to disclose this information for the first time. Therefore, Plaintiff should be precluded from presenting this evidence at trial.

### 2. Plaintiff's Vague References to Witnesses

In addition to the discovery violations outlined above, Plaintiff also has improperly identified broad categories of witnesses, listing witnesses by vague titles without proper identification, and documents. Federal Rule of Civil Procedure 26(a)(3)(A) provides that:

> [A] party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:
>
> (i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;
> . . .
> (iii) an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

---

[1] Moreover, Dr. Meij cannot offer any relevant evidence. He was not hired until well after Plaintiff's employment ended and has no knowledge regarding the issues in this case.

Plaintiff has failed to satisfy these obligations by including vague categories in her witness and exhibit lists. By doing so, Plaintiff has failed to give Defendant meaningful notice as to what evidence she intends to admit at trial. In particular, Plaintiff has listed the following vague category of witnesses:

- Records Custodian of Florida Gulf Coast University

Plaintiff has given no indication of what individuals Plaintiff intends to call as a record custodian for Defendant, which, again, deprives Defendant of meaningful notice as to those individuals who may be called during trial. She has not even identified the documents for which she is seeking to call a records custodian.

In light of this broad category, it is evident Plaintiff has failed to comply with her obligations under Rule 26(a)(3)(A) and provide Defendant with notice sufficient to allow it to adequately prepare for a trial. As a result, this witness should be stricken, as this designation provides insufficient notice as to who Plaintiff intends to call as witnesses and which documents Plaintiff intends to introduce in this case. See Fed. R. Civ. P. 37(c)(1).

### C. Plaintiff Cannot Introduce Other Inadmissible Evidence

In addition to the foregoing, Plaintiff also intends to rely on other inadmissible evidence, including evidence concerning statements she made to the EEOC; testimony by current and former FGCU faculty and administrators; other FGCU faculty members' syllabi; and testimony by Plaintiff's children. This evidence is inadmissible as irrelevant, hearsay, and its probative value is substantially outweighed by unfair prejudice and its potential to confuse the issues, mislead the jury, and unnecessarily lengthen the trial.

### 1. Inadmissible Evidence Regarding Plaintiff's Statements to the EEOC

First, Plaintiff intends to introduce evidence concerning the statements she provided to the EEOC. While Defendant may be able to use Plaintiff's statements to the EEOC as an admission of a party opponent, the Federal Rules of Evidence preclude her from introducing evidence of her own statements, such as her intake questionnaire, and other notes, statements, and documents submitted to the EEOC. For these reasons, the Court should prohibit Plaintiff from introducing during trial any evidence concerning the statements that she made to the EEOC.

### 2. Testimony From Plaintiff's Witnesses Not Possessing Knowledge to the Claims at Issue, Including Current and Former FGCU Faculty Members and Administrators

In her witness list, Plaintiff has listed several current and/or former FGCU faculty members who she may call during trial. Such individuals include Dr. Bonnie Yegidis, former provost for FGCU, as well as the following faculty members from FGCU's College of Arts and Sciences: Dr. Stacey Andersen, Dr. Martin Bourgeois, Dr. Erik Carlson, Dr. John Cox, Dr. Kris De Welde, Dr. Michael Epple, Dr. Joanna Salapska-Gelleri, Dr. Kenneth Tarnowski, and Dr. Irv Winsboro. None of these witnesses possess relevant information regarding Plaintiff's remaining claims and therefore Plaintiff should be precluded from calling them at trial.

With respect to Dr. Bonnie Yegidis, Dr. Yegidis was not involved in any aspect of the decision not to renew Plaintiff's employment contract. Furthermore, Dr. Yegidis' employment with FGCU predated the 2007-2008 academic year, which, as discussed above, makes any potential testimony by her irrelevant. Likewise, with respect to the remaining

professors listed above, none of them possess unique knowledge concerning Defendant's decision to not renew Plaintiff's employment contract. None were involved in the decision to not renew Plaintiff's employment contract nor do they possess unique knowledge concerning the incidents leading up to that decision. To the extent that Plaintiff seeks to rely on any of these professors, including Dr. Stacy Andersen or any other witnesses or documents, as comparators for purposes of establishing her discrimination claims, she has not presented evidence demonstrating that any of them were similarly situated in every respect as her. See Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) (explaining, "the plaintiff must show that he and the employees are similarly situated in all relevant respects"). Indeed, as Plaintiff cannot identify any person who was similarly situated in all relevant respects to her, she should be precluded from asserting or suggesting that any comparator exists. Even if Plaintiff could establish that some of these faculty members were similarly situated, testimony from multiple faculty members would be duplicative, wasting the Court's time and resources and unnecessarily lengthening the trial. Furthermore, allowing Plaintiff to call multiple faculty members would unfairly prejudice Defendant in so far as Defendant would be required to present evidence on each faculty member's unique performance history while employed by FGCU. Without any relevant or permissible use for presenting testimony from any of these current and former FGCU faculty members and administrators, Plaintiff should be precluded from calling any of them during trial.

### 3. Other FGCU Faculty Members' Syllabi

Additionally, Plaintiff intends to introduce as evidence during trial the syllabi of various former and current FGCU faculty. In particular, Plaintiff intends to introduce the

syllabi of Dr. Eric Strahorn, Dr. Martin Bourgeois, Dr. Erik Carlson, Dr. John Cox, Dr. Kris De Welde, Dr. Michael Epple, Dr. Joanna Salapska-Gelleri, Dr. Kenneth Tarnowski, and Dr. Irv Winsboro to support her claims. Because testimony from any of these faculty members should be prohibited for the reasons set forth above, it follows that Plaintiff should be precluded from relying on their syllabi as such syllabi are likewise not relevant. Beyond the fact that Plaintiff cannot establish that any of these faculty members exhibited the same performance problems as her, Plaintiff has also not presented any evidence that Dean Henry, the decision maker in this case, was aware of these faculty members' syllabi. Thus, it would be unduly prejudicial, misleading, and confusing to the jury to allow this evidence at trial. Accordingly, Plaintiff should be prohibited from introducing other faculty members' syllabi during trial.

### 4. Testimony By Plaintiff's Children

Finally, Plaintiff intends to offer testimony by her children, Rasheed Moss and Maia Moss-Fife, during trial. Plaintiff claims that Mr. Moss and Ms. Moss possess knowledge regarding the alleged emotional distress that Plaintiff suffered following her termination. See Exhibit A at 8. However, Mr. and and Ms. Moss' testimony is unnecessary as Plaintiff, herself, can testify to such alleged emotional distress. Mr. and Ms. Moss' testimony would be duplicative and unnecessarily lengthen the trial. Furthermore, to the extent that Mr. Moss and Ms. Moss would provide testimony regarding statements made by Plaintiff concerning her alleged emotional distress, such testimony would constitute inadmissible hearsay. Additionally, neither Mr. Moss nor Ms. Moss has been identified as an expert by Plaintiff; therefore, at best, they could offer only their personal observations of Plaintiff's behavior and

actions following the nonrenewal of her employment contract which, again, is a topic upon which Plaintiff can testify. Plaintiff also should be required to establish the personal knowledge of these witnesses before they should be permitted to testify at trial to avoid the improper use of hearsay testimony to bolster Plaintiff's claim. For these reasons, the Court should preclude Plaintiff from calling Mr. Moss and Ms. Moss as witnesses during trial.

### III. CONCLUSION

For all of the foregoing reasons, Defendant requests that the Court grant this Motion and enter an order in limine precluding the introduction of, reference to, or other use of the foregoing evidence and testimony at the trial of this matter. Even if the Court is inclined to defer ruling on parts of this motion until trial, Defendant requests that Plaintiff be precluded from referencing this evidence in voir dire or her opening statement.

### CERTIFICATE OF GOOD FAITH

As set forth above, pursuant to Local Rule 3.01(g) of the United States District Court for the Middle District of Florida, counsel for Defendant has conferred with counsel for Plaintiff in an attempt to resolve these issues. Plaintiff, however, indicated she was opposed to this motion in its entirety.

DATED this 25th day of April, 2015.

    Respectfully submitted,
    ***/s/ Sacha Dyson***
    GREGORY A. HEARING
    Florida Bar No. 817790
    SACHA DYSON
    Florida Bar No.: 509191
    sdyson@tsghlaw.com
    JEFFERY L.PATENAUDE
    Florida Bar No. 0070215
    jpatenaude@tsghlaw.cm

THOMPSON, SIZEMORE, GONZALEZ
& HEARING, P.A.
201 N. Franklin Street, Suite 1600
Post Office Box 639 (33601)
Tampa, Florida, 33602
Tel:  (813) 273-0050
Fax:  (813) 273-0072
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing this <u>25th</u> day of April, 2016, to the following:

Cynthia N. Sass
Benjamin S. Briggs
Yvette D. Everhart
Law Offices of Cynthia N. Sass, P.A.
601 West Dr. Martin Luther King, Jr. Blvd
Tampa, Florida 33603

and

Peter F. Helwig, Esquire
Harris & Helwig, P.A.
6700 South Florida Avenue, Suite 31
Lakeland, Florida 33813

*/s/ Sacha Dyson*
Attorney