UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

E. VALERIE SMITH,

      Plaintiff,

v.                            Case No: 2:14-cv-50-FtM-29MRM

FLORIDA    GULF    COAST
UNIVERSITY    BOARD    OF
TRUSTEES,

      Defendant.

_____

COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

Florida Gulf Coast University (FGCU) is a public university. The fact that a governmental entity or agency is involved as a party must not affect your decision in any way.  A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be

concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

You have been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your

independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

In this case it is the responsibility of the Plaintiff to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should

find for the Defendant as to that claim.

Plaintiff brings two claims in this case, one for discrimination and one for retaliation. As explained below, Plaintiff (Dr. E. Valerie Smith) alleges discrimination by Defendant (Florida Gulf Coast University Board of Trustees) on the basis of race and sex, and retaliation for taking steps to enforce her rights against the termination of her employment because of her race or sex. Plaintiff has the burden to prove that race or sex was a motivating factor in the Defendant's decision to terminate Plaintiff (Discrimination claim). Plaintiff also has the burden to prove that the Defendant's decision to terminate Plaintiff's employment was because of Plaintiff's protected activity (Retaliation claim).

I have explained to you that evidence can be direct or circumstantial. To decide whether Plaintiff's race or sex was a motivating factor in the Defendant's decision to terminate Plaintiff's employment, or to decide whether the termination was because of Plaintiff's protected activity, you may consider the circumstances of the Defendant's decision. For example, you may consider whether you believe the reasons the Defendant gave for the decision. If you do not believe the reasons it gave for the decision, you may consider whether the reasons were so unbelievable that they were a cover-up to hide the true discriminatory reasons for the decision.

## *Discrimination Claim*

In this case, Plaintiff claims that the Defendant violated her rights under Title VII of the Civil Rights Act of 1964 prohibiting employers from discriminating against employees in the terms and conditions of employment because of their race or sex. Title VII does not apply to age discrimination.

More specifically, Plaintiff claims that the Defendant did not renew her contract, and thereby terminated her employment, because of her race or sex.

The Defendant denies Plaintiff's claim and asserts that it had a legitimate, non-discriminatory reason for not renewing her contract, specifically, that Plaintiff's performance was unsatisfactory.

To succeed on her claim against the Defendant, Plaintiff must prove each of the following facts by a preponderance of the evidence:

> First:   the Defendant terminated Plaintiff from her employment with the Defendant; and
>
> Second:  Plaintiff's race or sex was a motivating factor that prompted the Defendant to terminate Plaintiff's employment with the Defendant.

The parties agree that the Defendant terminated Plaintiff's employment when it did not renew her contract, and you may consider this first element as established. In the verdict form that I will explain in a moment, you will be asked to answer questions

about the second factual issue in which you must decide whether Plaintiff's race or sex was a "motivating factor" in the decision.

To prove that race or sex was a motivating factor in the Defendant's decision, Plaintiff does not have to prove that her race or sex was the only reason that the Defendant terminated her employment. It is enough if Plaintiff proves that race or sex influenced the decision. If Plaintiff's race or sex made a difference in the Defendant's decision, you may find that it was a motivating factor in the decision.

The Defendant claims that Plaintiff's race or sex was not a motivating factor in the decision, and that it terminated Plaintiff's employment for other reasons. An employer may not discriminate against an employee because of the employee's race or sex, but the employer may terminate an employee's employment for any other reason, good or bad, fair or unfair. If you believe the Defendant's reasons for the decision to terminate Plaintiff, and you find that the Defendant's decision was not motivated by Plaintiff's race or sex, you must not second guess the Defendant's decision, and you must not substitute your own judgment for the Defendant's judgment – even if you disagree with it.

If you find in Plaintiff's favor for each fact she must prove, you must decide whether the Defendant has shown by a preponderance of the evidence that it would have terminated Plaintiff's employment even if the Defendant had not taken Plaintiff's race or

sex into account. If you find that Plaintiff would have been terminated for reasons other than her race or sex, you must make that finding in favor of the Defendant in your verdict.

If you find for Plaintiff and against the Defendant on this defense, you must consider Plaintiff's compensatory damages.

## *Retaliation Claim*

Plaintiff also claims that the Defendant retaliated against her because she took steps to enforce her lawful rights under Title VII of the Civil Rights Act of 1964. Title VII makes it unlawful for an employer to terminate an employee's employment because of his or her race, color, religion, sex, or national origin. Title VII does not cover age discrimination.

Title VII also prohibits an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under Title VII.

An employee may make a discrimination complaint as a means to enforce what she believed in good faith to be her lawful rights. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish "good faith," however, it is insufficient for

Plaintiff merely to allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

Plaintiff claims that the Defendant did not renew her contract and terminated her employment because Plaintiff complained about discrimination against her on the basis of her race or sex.

The Defendant denies Plaintiff's claim and asserts that it had a legitimate, non-discriminatory reason for not renewing her contract, specifically, that Plaintiff's performance was unsatisfactory.

To succeed on her claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

> <u>First</u>:   Plaintiff engaged in a protected activity;
>
> <u>Second</u>:   the Defendant then took an adverse employment action;
>
> <u>Third</u>:   the Defendant took the adverse employment action because of Plaintiff's protected activity; and
>
> <u>Fourth</u>:   Plaintiff suffered damages because of the adverse employment action.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, Plaintiff claims that she engaged in protected activity when she complained verbally and in writing about the Defendant discriminating against her on the basis of her race or sex.  That action is "protected activity" if it was based on Plaintiff's good-faith, reasonable belief that the Defendant discriminated against her because of race or sex. Plaintiff had a "good faith" belief if she honestly believed that the Defendant discriminated against her because of her race or sex. Plaintiff had a "reasonable" belief if a reasonable person would, under the circumstances, believe that the Defendant discriminated against her because of her race or sex. Plaintiff does not have to prove that the Defendant actually discriminated against her because of her race or sex. But she must prove that she had a good-faith, reasonable belief that the Defendant did so.

For the second element, Plaintiff claims that the Defendant took an adverse employment action against her when the Defendant did not renew her contract and terminated her employment.  The parties have agreed that this was an adverse employment action, and you may consider this element as established.

For the third element, if you find that Plaintiff engaged in protected activity and that the Defendant took an adverse employment action against her, you must decide whether the Defendant took that action because of Plaintiff's protected activity. Put another way, you must decide whether Plaintiff's

protected activity was the main reason for the Defendant's decision.

To determine that the Defendant took an adverse employment action because of Plaintiff's protected activity, you must decide that the Defendant would not have taken the action had Plaintiff not engaged in the protected activity but everything else had been the same.

The Defendant claims that it did not terminate Plaintiff because of Plaintiff's complaints about discrimination, and that it took the action for other reasons. An employer may not take an adverse action against an employee because of the employee's protected activity. But an employer may terminate an employee for any other reason, good or bad, fair or unfair. If you believe the Defendant's reasons for its decision, and you find that the Defendant did not make its decision because of Plaintiff's protected activity, you must not second guess that decision, and you must not substitute your own judgment for the Defendant's judgment – even if you do not agree with it.

For the fourth element, you must decide whether the Defendant's acts were the proximate cause of damages that Plaintiff sustained. Put another way, you must decide, if the Defendant had not terminated Plaintiff, would these damages have occurred?

If you find that the Defendant's acts were the proximate cause of damages that Plaintiff sustained, you must determine the amount of damages.

### *Damages*

When considering the issue of Plaintiff's compensatory damages, you should determine what amount, if any, has been proven by Plaintiff by a preponderance of the evidence as full, just and reasonable compensation for all of Plaintiff's damages as a result of the termination, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Plaintiff has proved them by a preponderance of the evidence, and no others:

> (a) net lost wages and benefits from the effective date of termination (September 9, 2010) to the date of your verdict; and

> (b) emotional pain and mental anguish.

To determine the amount of Plaintiff's net lost wages and benefits, you should consider evidence of the actual wages she lost and the monetary value of any benefits she lost.

To determine whether and how much Plaintiff should recover

for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. Plaintiff does not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates her for her claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

I caution you that the Defendant does not have to disprove Plaintiff's claims, but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Plaintiff to be reasonably diligent in seeking substantially equivalent employment to the position she held with the Defendant. To prove that Plaintiff failed to mitigate damages, the Defendant must prove by a preponderance of the evidence that:

> (1) work comparable to the position Plaintiff held with the Defendant was available, and
>
> (2) Plaintiff did not make reasonably diligent efforts to obtain it.

If, however, the Defendant shows that Plaintiff did not make reasonable efforts to obtain any work, then the Defendant does not

have to prove that comparable work was available.

If you find that the Defendant proved by a preponderance of the evidence that Plaintiff failed to mitigate damages, then you should reduce the amount of Plaintiff's damages by the amount that could have been reasonably realized if Plaintiff had taken advantage of an opportunity for substantially equivalent employment.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the

evidence in the case.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device with access to the internet, or any social media such as Facebook or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.


[Explain verdict]


Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question, and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.