**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**E. VALERIE SMITH,**

        **Plaintiff,**

**vs.**                      **Case No. 2:14-cv-50-FtM-29MRM**

**FLORIDA GULF COAST UNIVERSITY**
**BOARD OF TRUSTEES,**

        **Defendant.**
_____/

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS BILL OF COSTS**

Defendant, Florida Gulf Coast University Board of Trustees ("Defendant"), files this memorandum in support of its Bill of Costs, which seeks taxation of costs against Plaintiff, E. Valerie Smith ("Plaintiff"), in the amount of $21,188.20, pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and Local Rule 4.18. Defendant requests recovery of all costs that have been billed through the inception of action. Filed simultaneously with Defendant's Bill of Costs is a declaration of counsel detailing the costs necessarily incurred by Defendant in this case. Defendant reserves the right to amend its Bill of Costs, the supporting declaration, and this memorandum in the event that it or its counsel receives further billing pertaining to this case.

**MEMORANDUM OF LAW**

**A.  The Prevailing Party Is Entitled to Costs Under Rule 54(d)(1)**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs . . . should be allowed to the prevailing party." There exists a "strong presumption" under Rule 54(d)(1)

that "the prevailing party will be awarded costs." Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007).  Indeed, "'[t]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so.'"  Gay v. AirTran Airways, Inc., 427 F. App'x 743, 744 (11th Cir. 2011) (quoting Chapman v. AI Transport, 229 F.3d 1012, 1039 (11th Cir. 2007)); see also Matthews, 480 F.3d at 1277 (noting that "a district court needs a 'sound basis' to overcome the strong presumption that a prevailing party is entitled to costs"); accord Arugu v. City of Plantation, 446 F. App'x 229, 231 (11th Cir. 2011) (reversing and remanding the trial court's denial of attorney's fees and costs because the court failed to provide an explanation of its decision and noting that "the district court must provide an explanation of the basis for its ruling that is sufficient to allow for meaningful appellate review").  In addition, the Eleventh Circuit has recognized that the trial court's discretion to deny costs is not unfettered "'since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation.'"  Chapman, 229 F.3d at 1039 (quoting Walters v. Roadway Express, Inc., 557 F.2d 521, 526 (5th Cir. 1977)[1]).  It is incumbent on the opposing party to overcome the presumption of costs.  See Walters, 557 F.2d at 526.

### B.  Defendant Is the Prevailing Party in this Lawsuit

On April 5, 2017, the Court entered a final judgment in favor of Defendant after the jury rendered a verdict in Defendant's favor on April 5, 2017.  (See Judgment in a Civil Case (Dkt. No. 134)).   As a result, Defendant is the prevailing party in this lawsuit and is entitled to recover its costs.  See Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995) (finding that the

---

[1] This case and all Fifth Circuit cases decided prior to September 30, 1981, are binding precedent pursuant to Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

defendant was a prevailing party under Rule 54(d) when the trial court entered summary judgment in favor of the defendant on the federal claims and remanded the state law claims to state court and concluding that the court erred when it denied costs to the defendant); <u>Reider v. R.J. Reynolds Tobacco Co.</u>, 5 F. Supp. 3d 1334, 1337 (M.D. Fla. 2014) (noting that "[a] prevailing party has been defined by the Eleventh Circuit as 'usually the litigant in whose favor judgment is rendered . . . even though he has not sustained all his claims'"); <u>Daker v. Steube</u>, No. 8:10-CV-1784-T-27TBM, 2012 WL 2384050, at *1 (M.D. Fla. June 25, 2012) (concluding that the defendant was entitled to an award of costs after the jury rendered a verdict in favor of the defendant and judgment was entered); <u>Ivory v. Holme</u>, No. 8:07-CV-2354-T-TBM, 2009 WL 1185309, at *2 (M.D. Fla. Apr. 30, 2009) (finding an award of costs under 28 U.S.C. § 1920 was appropriate after a jury verdict and judgment was entered in favor of the defendant).

### C.  Defendant Is Entitled to an Award of Costs Under 28 U.S.C. § 1920

In its Bill of Costs, Defendant is seeking those costs enumerated in 28 U.S.C. § 1920 ("§ 1920").  Section 1920 permits a judge or clerk of any court to tax the following items as costs against the non-prevailing party in an action:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

<u>See</u> 28 U.S.C. § 1920.  Generally, all reasonable expenses incurred in case preparation, during the course of litigation, and as part of settlement may be taxed as costs. <u>See</u> <u>Dowdell v. City</u>

of Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983). The standard of reasonableness is to be given a liberal interpretation. See id. However, routine office overhead, such as general photocopying, computerized legal research, travel, long distance telephone charges, and messenger service fees, may not be taxed as costs. See Doria v. Class Action Servs., LLC, No. 08-80512-CIV, 2009 WL 3055367, at *5 (S.D. Fla. 2009).  In challenging a prevailing party's motion for costs, the losing party bears the burden of demonstrating that specific costs are not taxable.  See Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

   **1.    The Defendant Is Entitled To Recover Process Server and Witness Fees.**

   Under subsection (1) of Section 1920, the prevailing party also is entitled to recover costs for service of subpoenas, whether service of process is effected by a marshal or a private process server, as long as the cost does not exceed the fees authorized by statute for the United States Marshal's fee.  E.E.O.C. v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000); Monelus, 609 F. Supp. 2d at 1334.  Pursuant to federal regulations, the fees charged by the United States Marshal's Service for private service of process shall be $55.00 per hour, plus travel costs and out-of-pocket expenses.  28 C.F.R. § 0.114(a)(3).

   Under subsection (3) of Section 1920, the prevailing party is entitled to recover costs for witness fees for attendance at depositions and trial.  Sensormatic Elecs. Corp. v. Tag Co., No. 06-81105-CIV, 2009 WL 3208649, at *7 (S.D. Fla. Oct. 2, 2009).  In addition, under 28 U.S.C. § 1821, witnesses shall be paid a witness fee of $40.00 per day plus the costs of common carrier or mileage, toll charges, and subsistence where an overnight stay is required due to the distance traveled.  28 U.S.C. § 1821.  "All normal travel expenses within and outside the

judicial district shall be taxable as costs pursuant to Section 1920 of this title." <u>Id</u>. §§ 1821(c)(4).

Accordingly, Defendant is entitled to recover $2,156.77 for the witness fees, mileage, and expenses incurred in serving subpoenas on Julia Corbett for deposition and on Dr. Katherine Hale, Dr. Charles McKinney, Steve Belcher, Dr. Hudson Rogers, Julia Corbett, Madeline Holzem, and Joan Manley for their appearance at trial, and for travel expenses incurred by Cheryl Seals-Gonzalez and Dr. Donna Henry for their appearance at trial.

**2.      <u>Defendant Is Entitled to Recover Fees for Court Reporting Services and Deposition Transcripts.</u>**

Under subsection (2) of Section 1920, the prevailing party is entitled to recover costs for depositions, which were "wholly or partially necessarily obtained for use in the case." <u>W & O, Inc.</u>, 213 F.3d at 621.  It is not necessary to use a deposition at trial for it to be taxable. <u>Id.</u> For example, a court may tax costs associated with depositions submitted by the prevailing party in support of a motion for summary judgment. <u>Id.</u> Here, Defendant used the transcripts of the depositions of the Plaintiff, Steven Belcher, Dr. Wilson Bradshaw, Dr. David Brown, Julia Corbett, Dr. Joseph Cudjoe, Dr. Cathy Duff, Dr. Donna Henry, Dr. Hudson Rogers, Dr. Eric Strahorn, and Dr. Ronald Toll to support its motion for summary judgment.  (See Deposition of Plaintiff (Dkt. No. 65), Deposition of Steven Belcher (Dkt. No. 66), Deposition of Dr. Wilson Bradshaw (Dkt. No. 67), Deposition of Dr. David Brown (Dkt. No. 68), Deposition of Julia Corbett (Dkt. No. 69), Deposition of Dr. Joseph Cudjoe (Dkt. No. 70), Deposition of Dr. Cathy Duff (Dkt. No. 71), Deposition of Dr. Donna Henry (Dkt. No. 72), and Deposition of Dr. Dr. Hudson Rogers (Dkt. No. 73), Deposition of Dr. Eric Strahorn (Dkt. No. 74), and Deposition of Dr. Ronald Toll (Dkt. No. 75)).  Defendant also used these

depositions in connection with the trial of this case.  Accordingly, Defendant is entitled to recover $8,282.40 for the fees associated with taking the depositions and obtaining the transcripts.

**4.      Defendant Is Entitled to Recover Copy Costs.**

Under subsection (4) of Section 1920, the prevailing party is entitled to recover costs for copies of pleadings, copies of documents used for discovery, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration. See Florida Keys Citizens Coal., Inc. v. United States Army Corp., 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005). However, the prevailing party may not recover costs for general photocopying, such as copies obtained only for the convenience of counsel and extra copies of filed papers and correspondence. See id.  Here, Defendant is entitled to recover $10,749.03 for copies of documents used in discovery, filed with the Court, tendered to opposing counsel, prepared for the Court's consideration, and/or used at trial.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court approve the Bill of Costs and tax costs against Plaintiff in the amount of $21,188.20, which constitutes Defendant's costs through the date of filing the Bill of Costs.

Dated this 19th day of April, 2017.

Respectfully submitted,

*s/ SACHA DYSON*
SACHA DYSON
Florida Bar No.: 509191
sdyson@tsghlaw.com
GREGORY A. HEARING
Florida Bar No. 817790

ghearing@tsghlaw.com
THOMPSON, SIZEMORE, GONZALEZ
& HEARING, P.A.
201 N. Franklin Street, Suite 1600
Post Office Box 639 (33601)
Tampa, Florida, 33602
Tel:  (813) 273-0050
Fax:  (813) 273-0072
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing this 19th day of April, 2017, to the following:

| | |
|---|---|
| Cynthia N. Sass | Peter F. Helwig, Esquire |
| Yvette D. Everhart | Harris & Helwig, P.A. |
| Law Offices of Cynthia N. Sass, P .A. | 6700 South Florida Avenue, Suite 31 |
| 601 West Dr. Martin Luther King, Jr. Blvd. | Lakeland, Florida 33813 |
| Tampa, Florida 33603 | |

s/ SACHA DYSON
Attorney